John Norris OLSON et al., Appellants,

v.

John TROMBA, Administrator of the Estate of Ronald James Raymond, Deceased et al., Appellees.

No. 17853.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 19, 1981.

Rehearing Denied April 30, 1981.

Russell H. McMains, Edwards & Perry, Corpus Christi, for appellants.

John Mozola, Underwood, Wilson, Sutton, Berry, Stein & Johnson, Amarillo, for appellees.

Before DOYLE, EVANS and WARREN, JJ.

WARREN, Justice.

This is an appeal from an order sustaining a plea of privilege filed by a successor administrator.

Ronald James Raymond and Sandra Parks were involved in a one-truck accident in Gray County in September, 1977. Mr. Raymond died on the same day but Mrs. Parks survived until April, 1978, when she also died. Both of the deceased were residents of Potter County at the time of the accident.

On January 10, 1978, at the instance and request of attorneys for Mrs. Parks, David Bebout, a Houston attorney, filed an application to be named the temporary administrator of the estate of Raymond. Bebout's application stated that the interest of Raymond's estate required the immediate appointment of a personal representative to accept service of a lawsuit and to defend the lawsuit. Bebout was named temporary administrator on February 8, and on February 17, accepted service of a lawsuit filed in Harris County on behalf of Sandra Parks against Bebout, in his capacity as administrator of the Estate of Raymond. Raymond's widow waived her right to be appointed temporary administrator.

These facts are undisputed:

(1) Both Raymond and Parks were residents of Potter County at the time of their deaths.

(2) Bebout was contacted by the attorneys for Sandra Parks and was asked if he would serve as temporary administrator by her attorneys in order to accept service of a suit against Raymond.

(3) Bebout was chosen by Parks' attorneys to be temporary administrator because he was a resident of Harris County.

(4) A Harris County resident was chosen to act as temporary administrator to allow Sandra Parks to maintain venue in Harris County, which her attorneys considered to be a favorable county in which to maintain venue.

On March 20th, the insurer of Raymond's employer filed an application to remove Bebout as temporary administrator claiming, among other things, fraud and misrepresentation in the procurement of Bebout as temporary administrator. On June 10, the probate court in Potter County removed Bebout and replaced him with one John Tromba, a resident of Potter County and an employee of Raymond's employer's insurance company. Thereafter, Tromba filed a plea of privilege requesting that the suit against Raymond's estate be transferred to Potter County. No live witnesses were heard at the hearing on the plea of privilege, but stipulated testimony, the depositions of Robert Templeton (one of the attorneys for Sandra Parks), answers to Requests for Admissions and documentary evidence pertaining to court proceedings in Potter and Harris counties were admitted into evidence. After considering the evidence, the court sustained Tromba's plea of privilege and ordered the cause transferred to Potter County.

Appellants contend that: (1) since it was undisputed that the original temporary administrator was a resident of Harris County and this fixed venue, it was error for the court to consider the plea of the successor administrator, (2) there was no evidence or the evidence was factually insufficient to support the implied finding that appointment of the original administrator was fraudulently obtained, and (3) any finding of fraud in the appointment is improper because it constitutes a collateral attack on the order of the probate court of Potter County appointing the original temporary administrator.

■ Suit is properly maintained against a temporary administrator in the county of his residence. *Rider v. Reeder*, 415 S.W.2d 217 (Tex.Civ.App.—Corpus Christi 1967, writ dism'd). Subdivision 6, art. 1995, V.A.

C.S., provides that suits against an administrator to establish a money demand against the estate he represents may be brought in the county in which the estate is being administered or, if the suit is against an administrator for the negligence of the deceased, the suit may be brought in the county where the negligent act occurred. In our case, the plaintiffs could maintain venue in Gray County, the county where the accident occurred, subject to the requirement that proof of negligence be established, in Potter County, upon a showing that the estate was pending in that county, or in Harris County, the county of the temporary administrator's residence. Plaintiffs chose Harris County and are entitled to maintain venue therein unless an overriding right is established in the defendants.

Appellees contend that since there was evidence to show that the appointment of a Harris County resident was fraudulently procured for the purpose of defeating the venue rights of the estate, the judgment should be affirmed.

The record shows that the appointment of Bebout as administrator was procured by plaintiffs' attorneys for the purpose of obtaining a venue more favorable to the plaintiff in which to try their suit against Raymond. This was done by representing to the probate court in Potter County that there was an immediate necessity and that it was in the best interest of the estate that a temporary administrator be appointed for the purpose of accepting service in a lawsuit and to do all other things necessary in the defense of said lawsuit. Bebout had no connection with the estate and, insofar as the record shows, dealt only with the attorneys, whose interests were in fact adverse to the estate. There is a valid reason to allow the plaintiff in a suit to request the court to appoint a temporary administrator to accept service and there are many instances when the immediate appointment might be of benefit to the estate. But the attempt of an adverse party to procure the appointment of a personal representative whose residence is far removed from both the situs where the cause of action arose

and the county of administration simply because the plaintiffs' attorneys believe their chosen representative's county of residence is the most favorable forum should not be condoned.

There was evidence to support a finding that the appointment was fraudulently procured in order to manufacture venue in a county favorable to plaintiffs. Our courts have held that suit cannot be maintained under a venue exception if the claim is fraudulently asserted. *Sun Oil Co. (Delaware) v. Hall*, 566 S.W.2d 696 (Tex.Civ.App. —Austin 1978, no writ). Nor can a defendant be sued out of the county of his residence by the joinder of fictitious parties or by the fictitious assignment of a cause of action. *Waldrep v. Roquemore*, 60 Tex.Civ. App. 138, 127 S.W. 248 (1910, no writ).

In *Batex Oil Co. v. LaBrisa Land and Cattle Co.*, 352 S.W.2d 769 (Tex.Civ.App.— San Antonio 1961, writ dism'd), the court held that when an allegation required by Subdivision 14, art. 1995 was not made in good faith, but only for purpose of maintaining venue, then venue could not be maintained on the basis of the statement.

■ Since it is apparent that the appointment of the temporary administrator, a Harris County resident, was procured by appellants for the primary purpose of depriving the estate of an acknowledged valuable right and to manufacture venue in a county which appellants hoped to be more favorable to them, the trial court properly ordered the cause transferred to the county where the estate was pending.

Affirmed.