ACCEPTED
12-15-00058-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/3/2015 5:01:03 PM
CATHY LUSK
CLERK

## CAUSE NO. 12-15-00058-CV

**IN THE**

**COURT OF APPEALS**

**FOR THE**

**TWELFTH COURT OF APPEALS DISTRICT**

**AT**

**TYLER, TEXAS.**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/3/2015 5:01:03 PM
CATHY S. LUSK
Clerk

**IN RE JEANETTE B. DAVIDSON,
INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF
THE ESTATE OF GARY L. DAVIDSON, DECEASED,
*Relators*,**

*Original Proceeding from the County Court-at-Law
of Anderson County, Texas, Hon. Jeff Doran, Presiding.*

**RELATOR'S REPLY**

**to the Real Party in Interest's**

**RESPONSE TO PETITION FOR WRIT OF MANDAMUS**

**Thomas R. McLeroy, Jr.**
**Bar No. 13766800**
**P. O. Box 668**
**Center, Texas  75935**
**(936) 598-2701**
**FAX (936) 598-6086**
**mcleroylaw@sbcglobal.net**

**ATTORNEY FOR RELATOR**

# TABLE OF CONTENTS

**TABLE OF CONTENTS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page ii**

**INDEX OF AUTHORITIES.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page iii**

**STATEMENT OF FACTS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 1**
      **(In Reply to the Response of**
          **the Real Party in Interest).** . . . . . . . . . . . . . . . . . . . . . . . **page 1**

**REPLY.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 2**
      **(To Haynes Lack of Standing Argument,**
          **Real Party in Interest's *Response to Petition for Mandamus*,**
          **pp. 3 - 5).** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 2**

**REPLY.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 6**
      **(To Haynes Appealable Order Argument,**
          **Real Party in Interest's *Response to Petition for Mandamus*,**
          **pp. 5 - 6).** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 6**

**CONCLUSION AND PRAYER.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 8**

**CERTIFICATE OF COMPLIANCE.** . . . . . . . . . . . . . . . . . . . . . . . . . . **page 9**

**APPENDIX.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page I**
      **TAB 1.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page II**
      **(Reporter's Record**
          **of proceedings before the court**
          **on March 25, 2013).** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page II**

**TAB 2.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XXIII**
      **(Texas Probate Code § 3).** . . . . . . . . . . . . . . . . . . . . . . **page XXIII**

**TAB 3.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page XXX**
      **(Black's Law Dictionary - "Creditor").** . . . . . . . . . . . . . . **page XXX**

# INDEX OF AUTHORITIES

**STATUTES**

TEX. CIV. PRAC. & REM. CODE ANN., §15.002 (Vernon 2002) . . . . page 4

TEX. CIV. PRAC. & REM. CODE ANN., §15.031 (Vernon 2002). . . page 4, page 5

TEX. ESTATES CODE, §22.018. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 3

TEX. ESTATES CODE, §258.001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 5

TEX. ESTATES CODE, §33.102. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

**RULES**

TEX. R. APP. P., 9.4.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 9

TEX. R. CIV. P., 120a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 8

TEX. R. EVID. 201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 1

**CASES**

*De Avala v. Mackie*, 193 S.W.3d 575 (Tex. 2006). . . . . . . . . . . . . . . . . . page 6

*Fernandez v. Bustamante*, 305 S.W.3d 333 (Tex. App. –Houston [14th Dist.] 2010, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

*In re Bowie*, 2008 WL 4821617 (Tex. App. –Beaumont, 2008, no pet.)(mem. op.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 3

*In re Graham*, 251 S.W.3d 844 (Tex. App. –Austin, 2008, orig. proc.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 7

*In re Hudson*, 325 S.W.3d 811 (Tex. App. –Dallas, 2010, orig. proc.). . . page 8

*In re Ramsey*, 28 S.W.3d 58 (Tex. App. –Texarkana, 2000, orig. proc.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 3

*Jarvis v. Field*, 327 S.W.3d 918 (Tex. App. –Corpus Christi, 2010, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . page 8

*Olson v. Tromba*, 615 S.W.2d 875 (Tex. Civ. App. --Houston[1st Dist.] 1981, writ dismss'd.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 6**

## REPEALED STATUTES

TEX. PROB. CODE ANN., §3(r) (Vernon Supp. 2013).. . . . . . . . . . . . . . . . . **page 3**

TEX. PROB. CODE ANN., §6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 7**

## OTHER REFERENCES

BLACK'S LAW DICTIONARY (9th ed. 2009). . . . . . . . . . . . . . . . . . . . . . . . . **page 3**

## STATEMENT OF FACTS
### (In Reply to the Response of
### the Real Party in Interest)

The Real Party in interest will be hereinafter referred to as "Haynes." Haynes' recitation of the material pleadings contained in their *Response to Petition for Mandamus* omits important facts. Although Haynes asserts that he raised the issue of Relators' lack of standing in the trial court and that Realtor's pleadings failed to state Realtor's interest in the estate of Stone Haynes, (*see* Real Party in Interest's *Response to Petition for Mandamus*, pg. 1), Haynes neglects to inform the court that Realtors addressed this issue in their *Reply to Ben Haynes' Response to Defendants' Motion to Transfer Venue* and their *Amended Reply to Ben Haynes' Response to Defendants' Motion to Transfer Venue*. (*see* Realtors' *First Amended Petition for Writ of Mandamus*, Appendix, pp. LVI - LXX, Tabs 10, 11). Those documents that Haynes asserts are outside the record, (*Response to Petition for Mandamus*, pg. 2), relate to Hayes' lack of standing argument and Realtors' interest in Stone Haynes' estate. They were, in fact, before the court and discussed during the hearing on Realtors' *Motion to Transfer Venue*. (see Tab 1, pp. VI - X, Transcript pg. 4, line 1 - pg. 8, line 3). In the event that this court should be inclined to find that such matters were not considered by the trial court, Relators move this court pursuant to TEX. R. EVID. 201 to take judicial knowledge of pleadings in Cause No. 11,953 in the County Court-at-Law of Anderson County, Texas, certified copies of which are contained under Tabs Nos. 20 - 27 of Realtors' *First Amended Petition for Writ*

*of Mandamus* filed in this matter. There was no disputed issue in the trial court regarding the fact that Haynes claimed that Realtors were debtors of Stone Haynes' estate nor that Relators have asserted counterclaims against the estate arising out of Haynes' claims.

**REPLY**
**(To Haynes Lack of Standing Argument,**
**Real Party in Interest's *Response to Petition for Mandamus*,**
**pp. 3 - 5)**

Haynes suggests that Relators have no standing to object to the venue of these suits. Haynes' own actions as executor of the decedent's estate vividly demonstrate that Relators have such standing.

Haynes filed suit against Relators alleging them to be debtors of the estate. *see* (*First Amended Petition for Writ of Mandamus*, Appendix, pp. CIII - CV, Tab 21; Appendix, pg. XXXVIII, Tab 21). Relators responded by contesting the allegations and asserting counterclaims against the estate for the recovery of economic damages and attorneys' fees. *see* (*First Amended Petition for Writ of Mandamus*, Appendix, pp. CX - CXIII, Tab 23 at pp. CXI - CXII).

The Texas Probate Code in effect at the time Relators filed their motions to transfer venue provided that, "If it appears to the court at any time before the final decree in a probate proceeding that the proceeding was commenced in a court which did not have priority of venue over such proceeding, the court shall, on the application of any interested person, transfer the proceeding to the proper county . . ." Tex. Prob. Code Ann., §8A(a) (Vernon Supp. 2013); *see* (*First Amended Petition for Writ of Mandamus*, Appendix, pg. CXLVIII, Tab 33). The

term, "Interested persons," was defined by the Probate Code to include a ". . .creditor, or any others having a property right in or claim against an estate being administered . . ."  TEX. PROB. CODE ANN., §3(r) (Vernon Supp. 2013) *at* Tab 2; *see now* TEX. ESTATES CODE, §22.018.  The term, "creditor" includes a person or entity with a definite claim against another, especially a claim that is capable of adjustment and liquidation. BLACK'S LAW DICTIONARY (9th ed. 2009); *see* Tab 3.  Insofar as Relators assert a claim for damages against the estate under the Texas Deceptive Trade Practices Consumer Protection Act in reply to Haynes' suit on the note, they are creditors of the estate whose standing is conferred by the statutory definition of "interested persons" in Section 3(r) of the Texas Probate Code.

The term, "interested persons," includes persons who have some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefitted, or in some manner materially affected, by the probate proceeding.  *In re Ramsey*, 28 S.W.3d 58, 62 (Tex. App. –Texarkana, 2000, orig. proc.); *see In re Bowie*, 2008 WL 4821617 (Tex. App. –Beaumont, 2008, no pet.)(mem. op.).  Haynes claims that Realtors are indebted to the decedent's estate, and, therefore, are in possession of money or property from which Haynes alleged debt should be satisfied.  The venue Haynes' suit has a direct impact on Relators' pecuniary interest therein.  Litigation in a forum distant from their residence increases the cost of litigation, the ease with which they can prosecute their defense to the litigation and their prospect for a

satisfactory conclusion thereof.

Realtors' right to have the venue of Haynes' suit against them on the note fixed in a proper court has, also, been affected. Venue of the suit on the note would be proper in the county in which the administration is pending. TEX. CIV. PRAC. & REM. CODE ANN., §15.031 (Vernon 2002). Otherwise, Haynes' suit on the note must be brought:

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, TEX. CIV. PRAC. & REM. CODE ANN., §15.002(a)(1) (Vernon 2002);

(2) in the county of defendant's residence, TEX. CIV. PRAC. & REM. CODE ANN., §15.002(a)(2) (Vernon 2002); or

(3) in the county expressly named in the note that Haynes' seeks to enforce, TEX. CIV. PRAC. & REM. CODE ANN., §15.035(a), (b) (Vernon 2002).

The administration of Stone Haynes' estate is currently pending in Anderson County although Haynes' testified and the probate court found that, the decedent resided and was domiciled in San Augustine County, Texas. It is undisputed that Relators reside in San Augustine County, Texas, and that the Estate of Gary L. Davidson was admitted to probate in the County Court of San Augustine, Texas. As shown by the inventory, appraisement and list of claims filed by Haynes in the probate matter, none of the property possessed by the estate which would be subject to satisfaction of Relators' claim was located within Anderson County, but was located within San Augustine County, or counties adjacent thereto. The note Haynes brought suit to enforce expressly provided that it was payable in San Augustine County, Texas. Haynes does not

assert in this proceeding, and did not assert in the trial court, that venue of the probate proceeding was proper in Anderson County under the Probate Code or any other applicable venue statute. Rather, Haynes asserts that Realtors cannot assert improper venue because they have no interest in that issue and that the issue has been precluded because of Relators' failure to appeal the judgment admitting the estate to probate that was entered after the only notice to given to Relators was posted in accordance with TEX. PROB. CODE ANN., §128(a) (Vernon 2003), *see now* TEX. ESTATES CODE, §258.001, at the courthouse door of a county that was not their residence. The unavoidable result of Haynes' argument is that venue of Haynes' collection suit against Realtors and Relators' counterclaim will be maintainable under TEX. CIV. PRAC. & REM. CODE ANN., §15.031 in Anderson County notwithstanding Realtors' objections and even though all parties admit the facts establishing the venue of both the probate suit and the collection suit is appropriate only San Augustine County. Because of Haynes' conscious decision to file the probate matter in a county where venue is not otherwise maintainable, Haynes, according to his argument, insured against all objections which might be raised that any suit by or against Stone Haynes's estate would have to be pursed in a forum inconveniently remote from San Augustine County, the place where the contract evidenced by the note was executed and was performable, the location where the evidence of the circumstances surrounding the contract evidenced by the note and witnesses thereto would be found and the county where the property of the estate subject to discharge Relators' claim is

situated. This attempt to manufacture venue in a court which would not otherwise be a court of proper venue should be rejected. *see Olson v. Tromba, 615 S.W.2d 875 (Tex. Civ. App. --Houston[1st Dist.] 1981, writ dismss'd.)* (holding that, for venue purposes, an appointment of an administrator for the purpose of manufacturing venue in a county which would not otherwise have been an appropriate county in the hope of gaining a more favorable result should be disregarded).

Relators, as alleged debtors of the decedent's estate who have denied liability and as creditors who have asserted affirmative counterclaims in the judicial proceedings brought against them in a county in which venue would not be appropriate but for the pending probate proceedings, clearly have a pecuniary interest which may be materially affected by the administration of Stone Haynes' estate and, consequently, have standing to object to the venue of the probate proceedings.

## REPLY
**(To Haynes Appealable Order Argument,**
**Real Party in Interest's *Response to Petition for Mandamus*,**
**pp. 5 - 6)**

Haynes' assertion that the venue issue was conclusively established when no appeal was taken from the order admitting decedent's will to probate is mistaken. While ordinarily only one final judgment may be entered in a suit, probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues ." *De Avala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006).

Venue determinations in probate matters are not final, appealable orders. *Fernandez v. Bustamante*, 305 S.W.3d 333, 338 (Tex. App. –Houston [14ᵗʰ Dist.], 2010, no pet.) (holding that the venue order at issue in that suit was not a final, appealable order ripe for direct appeal). If it appears to the court at any time before the final decree in a probate proceeding that the proceeding was commenced in a court which did not have priority of venue over such proceeding, the court shall, on the application of any interested person, transfer the proceeding to the proper county. TEX. PROB. CODE ANN., §6, *see now* TEX. ESTATES CODE, §33.102. In an independent administration, the "final decree" contemplated by Section 8A(a) is the order closing the estate. *See Fernandez v. Bustamante, id.* at 340 (stating that though a court may issue various probate orders on particular issues, the court does not completely lose jurisdiction until the entire estate is closed); *In re Graham*, 251 S.W.3d 844, 848 (Tex. App. –Austin, 2008, orig. proc.) (holding that, for the purpose of the mandatory venue provisions of the Texas Probate Code, an independent administration is considered closed when all property has been distributed and debts have been paid as fully as the assets allow and that the order admitting the will to probate is not a "final decree" for venue purposes).

The authorities cited by Haynes are inapplicable to these proceedings. In *Jarvis v. Field*, the complaint about improper venue was waived, not because it was asserted on appeal after the entry of the order admitting the estate to administration, but because it was not asserted by a motion challenging venue

filed in due order of pleading as required by **TEX. R. CIV. P., 120a**. *see Jarvis v. Field, 327 S.W.3d 918, 925 (Tex. App. –Corpus Christi, 2010, no pet.)*. In this case, Davidson has complied with Rule 120a and filed her motion before or contemporaneously with all other pleadings in these cases. *In re Hudson* was not a venue case, but its holding was that the trial court's action in denying the appellant a jury trial was reviewable by appeal only, and not by mandamus. *see In re Hudson, 325 S.W.3d 811 (Tex. App. –Dallas, 2010, orig. proc.)*. There was no venue question involved in the latter case.

It seems untenable to argue that all business involving the decedent's estate was complete while there is a suit pending by the decedent's executor to collect the balance due on a note that is alleged to be due to the estate.

## CONCLUSION AND PRAYER

For the foregoing reasons and those raised in Relators' *First Amended Petition for Writ of Mandamus*, Relators request this court to:

(1) grant the Petition for Writ of Mandamus;

(2) direct the Respondent to:

      (a) vacate the order overruling Relators' *Motion to Transfer Venue*";

      (b) grant Relators' *Motion to Transfer Venue*; and

      (c) order these proceedings to be transferred to the County Court of San Augustine County, Texas, or other court of proper jurisdiction in San Augustine County, Texas, by transmitting

to the proper court the original file in such case, together with certified copies of all entries in the judge's probate docket theretofore made; and

(3)    Grant Relators such other and further relief to which they may be entitled.

Respectfully Submitted:

Thomas R. McLeroy, Jr.
P. O. Box 668
Center, Texas 75935
(936) 598-2701
FAX (936) 598-6086

BY: _____
    Attorney for Relator.

## CERTIFICATE OF COMPLIANCE

In compliance with **TEX. R. APP. P., 9.4(3)**, I certify that the word-count of the foregoing brief is 1,699 words.

_____
Attorney for Relator

## CERTIFICATION

THE STATE OF TEXAS }

COUNTY OF SHELBY }

BEFORE ME, the undersigned authority in and for said county and state, on this day personally appeared Thomas R. McLeroy, Jr., who, being by me duly sworn, upon his oath, deposed and stated as follows:

"I am Thomas R. McLeroy, Jr., I am the counsel for the Relator in the foregoing *Relator's Reply to the Real Party in Interest's Response to Petition for Writ of Mandamus.* I have reviewed the foregoing Reply and have concluded that every factual statement therein is supported by competent evidence included in the appendix or record."

_____
THOMAS R. MCLEROY, JR.

SWORN TO and SUBSCRIBED BEFORE ME by the said Thomas R. McLeroy, Jr., on this _____ day of April, 2015, to certify which, witness my hand and official seal.

_____
Notary Public, State of Texas.

My Commission Expires: 12/31/16

**APPENDIX**
**(Relator's Reply to the Real Party in Interest's
Response to Petition for Writ of Mandamus)**

**TAB 1
(Reporter's Record
of proceedings before the court
on March 25, 2013)**

ORIGINAL

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME

TRIAL COURT CAUSE NO.   15063

| | | |
|---|---|---|
| IN THE ESTATE OF<br>STONE HAYNES | ) | IN THE COUNTY COURT |
| | ) | AT LAW |
| | ) | ANDERSON COUNTY, TEXAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOTION TO TRANSFER VENUE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On the 25th day of March, 2013, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Jeff Doran, Judge presiding, held in Palestine, Anderson County, Texas:

Proceedings reported by machine shorthand.

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas   75803
903.723.3933

A P P E A R A N C E S:

MR. THOMAS MCLEROY                    MR. JEFFREY COE
ATTORNEY AT LAW                       ATTORNEY AT LAW
SBOT #:   13766800                    SBOT #:   24001902
103 West Austin                       1000 North Church Street
P.O. Box 668                          Palestine, Texas   75801
Center, Texas   75935                 ATTORNEY FOR THE RESPONDENT
ATTORNEY FOR THE MOVANT

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas   75803
903.723.3933

INDEX

VOLUME 1

MOTION TO TRANSFER VENUE

MARCH 25, 2013                                    Page    Vol.

Argument of Movant.............................4        1

Argument of Respondent........................8        1

Court Reporter's Certificate..................20       1

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas   75803
903.723.3933

THE COURT: Be seated please. I'll call for announcements on the 9 o'clock docket. 15063, In the Estate of Stone Haynes.

MR. MCLEROY: Your Honor, I'm Thomas McLeroy, and I represent the movant on a motion for transfer of venue.

THE COURT: How much time do you think it's going to take?

MR. MCLEROY: Fifteen minutes, Your Honor. It's -- I think the facts are undisputed, and it's really a matter of application of the law on the facts.

MR. COE: Respondent is present and ready, Your Honor. Fifteen minutes sounds about right.

(Break taken)

THE COURT: And then this is 15063, In the Estate of Stone Haynes. I also have 11953, Ben Haynes as trustee versus -- let's see -- Jeanette B. Davidson and others. And I don't see that on the docket, but they did bring both files up so...

MR. MCLEROY: Thank you, Your Honor.

THE COURT: You're welcome.

MR. MCLEROY: I'm Thomas McLeroy. I represent Jeanette Davidson in the Estate of Gary Davidson in this matter. We're the defendants in the suit that they brought up that's not set today. That's a suit on a note.

THE COURT: Is there a motion to transfer that

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas   75803
903.723.3933

as well?

MR. MCLEROY: There is a motion to transfer that.

THE COURT: So I assume one would take care of the other, is that the --

MR. MCLEROY: That's my assumption, Your Honor.

THE COURT: Okay.

MR. MCLEROY: They really both involve the same principles before the Court. The motion today is filed in the probate matter where Ben Haynes, I believe, was appointed as the independent executor of Stone Haynes' estate, and after he was appointed as executor by this Court, the other suit was filed to collect the note from Mrs. Davidson and the estate of her husband. And we filed in due order a motion to transfer the venue of both cases. In this case the transfer motion is based on Probate Code Section 6, I believe, which requires that -- provides for mandatory venue of a probate matter in the county of decedent's residence. And in this case -- first of all, in response to the motion, there's been no affidavits denying any facts so that the facts set out in the motion the Court can take as true.

Those facts establish that in the original proceeding when Mr. Haynes applied for independent executor, all the testimony showed that Stone Haynes at the time of his death was domiciled in and resided in San Augustine County,

Texas. The order entered by this Court also finds that Stone Haynes was -- resided in San Augustine County at the time of his death. And it's our position, Your Honor, that in view of the undisputed facts, mandatory venue under Section 6 of the Probate Code would be in San Augustine County.

The reply that was filed in this case indicated that the executor's position in the case is going to be that venue of the case was affixed in this court by the original court order admitting the will to probate and is challengeable only by appeal when the probate proceedings are through. However, Section 8(a) of the Probate Code provides that at any time it appears to the Court that venue's not proper in one court in one county, it can transfer the probate matter to the court in the county of proper venue on the motion of any interested person. And Mrs. Davidson and the estate of her husband are interested persons by virtue of having a pecuniary interest in the estate because it's alleged at least in the executor's suit that Mrs. Davidson and her husband's estate owe a sum of money to be due on a promissory note that was executed by them some time ago.

THE COURT: 1997 $140,000, is that the original principal amount?

MR. COE: I believe that's accurate, Judge.

MR. MCLEROY: Me too, Your Honor.

THE COURT: Yeah. I notice it was set up on

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas 75803
903.723.3933

twenty payments. Were those monthly or annual payments or --

MR. COE: Annual payments I believe.

THE COURT: Okay. So the period of -- it wouldn't be barred necessarily by limitations. All right. I'm sorry.

MR. MCLEROY: It was a secured note, Your Honor, which would be barred under the statutes of limitations, but under the Business and Commerce Code, collection of the debt is not barred. I believe this suit was filed within six years --

MR. COE: Right.

MR. MCLEROY: -- of the due date for the last payment.

MR. COE: Couldn't foreclose on the lien, real estate lien note but --

THE COURT: Can try to levy against the estate.

MR. MCLEROY: And according to our pleadings, the note was executed in San Augustine County in 1997, payable in San Augustine County by a San Augustine County resident, payable to a San Augustine County resident. The -- we also have a counterclaim in that suit against the Estate of Stone Haynes which if we're not an interested party by virtue of having an interest in the note and by virtue of the note having property that belongs to the estate, we're creditor of the estate which the statute specifically declares to be interested persons. So we urge the Court to grant the motion and transfer

page IX

these proceedings to the County Court of San Augustine County which would be the appropriate court in San Augustine County with probate jurisdiction there.

MR. COE: Judge, my response would be initially, number one, under Rule 87(2)(a), I believe the movant was required to provide some sort of affidavit -- at least that's what Rule 87(2)(a) says that the proof that they're supposed to make is supposed to be in accordance with the law. And if you look down under the section, it says that the type of proof necessary to establish venue, some sort of affidavit, controverting affidavit made under oath. There's been multiple motions filed and multiple amendments filed. None of them contain any -- either a verified pleading. I would have not set anything even if there had been a verified motion, but there wasn't even a verified motion, let alone an affidavit from the responding party.

Additionally, Judge, on the legal issue, number one, when you have an independent executor appointed, the order specifically says that no other action will be had in this court other than returning the inventory, appraisement, and list of claims which was done. And I've got case law for the Court that Jarvis v. Feild case which is a Corpus Christi case that deals with the issue of a postentry or postadmission of will to probate appeal or an attempt to come back and to challenge venue. And the Court says you can't after that will

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas   75803
903.723.3933

has been admitted to probate. If this had been a dependent administration and there had been an ongoing discourse with the Court or obligations to the Court and they'd had a right to jump in the case, but when that order's signed and nothing else is required to be done, we file our suit in a separate case against the defendants, and then they file their motion to transfer venue in that other case which they did. But as far as fixing venue here is now determined.

Mr. Haynes filed -- was the attorney filing the original probate action in this case and the one that filed it here so I'm not disputing a lot of the, you know, factual scenarios that have been tendered to the Court today other than they have not been presented to the Court in the form required by Rule 87(2)(a), but the fact is that venue was set. And under the Texas Probate Code under Section 6, our action was required to be filed here because that's where the probate was initiated, that's where it was opened, that's where the order admitting the will to probate. You can't just jump in after the fact. And I know that he may object to my use of the word "hijack," but that's what it feels like. It's like, okay, we didn't participate in any way in that proceeding but now all of a sudden because we don't like where probate -- where the suit was filed because of the probate action, now we want to jump back into that case after a final appealable order was entered and try to reopen the whole proceeding and get that changed so

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas   75803
903.723.3933

then we can change the venue on the suit against these defendants.

And, Judge, that's entirely inappropriate, and I think you'll see that from the case. And then I've got In re Hudson which is a court of appeals case from the Dallas Court of Appeals that basically says that the order -- when an order admitting a will to probate has been entered and it says, No other action shall be had in the probate court other than the return of the inventory, appraisement, and list of claims, then that is an order sufficient attribute of finality to confer appellant jurisdiction. That's it. It's done. You can't now come back and -- you know, I guess if you filed some kind of bill of review or some other type of action to try to set aside that order, then we might be able to get there somehow. But I don't know what the standing would be, you know. That would have to be something that would be litigated down the road, but -- so I understand their desire to try to get the venue changed and to get it moved because of, you know, these other ancillary issues, but the law does not permit it. And that's the sole issue in my opinion is that it has to be denied because of the fact that the law says the case is closed. The probate part of the case is done. We have the ongoing litigation in the other case, but that's a strange side effect of that process.

When you've got two proceedings, the initial

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas   75803
903.723.3933

proceeding and it's fixed and it's closed, final appealable ordered, then if I'd have filed it anywhere else, they may have been happy if I had went down there and filed it in San Augustine County. But that in my opinion would not have been the appropriate place for me to have filed the action, and it could have possibly been subject to attack because of me choosing, you know, some other venue other than where the probate was filed and the final appealable order was entered by the Court.

MR. MCLEROY: May it please the Court. The Rule 87 matter is today's the first time it's come to my attention when he filed a response to the motion. Originally, he didn't bring that up and if -- this is the first time I'm aware that it's been challenged so I'm not fresh on Rule 87.

THE COURT: Okay.

MR. MCLEROY: The -- if a motion is required to be verified under the rule in order to be considered, my argument would be that it -- waiting until this point on the date of the hearing to raise the issue of the insufficiency of the pleadings to raise the venue matter, I would say he's waived it, and if he hadn't, I'd ask leave of court to amend my pleadings to include any required verification. The -- with regard to the other matters he's argued this morning, the two cases he's presented to the Court are the two cases that he listed in his response to the motion to transfer venue, and

I've pointed out in my reply to that response that the Jarvis case neither one of the cases really stand for the proposition that they're cited for. The Jarvis case turned on the fact that the motion to transfer venue was not filed in due order of the pleadings, and the motion to transfer venue was not considered by the court of appeals because of the failure to comply with the procedural requirements for the motion to begin with. The Hudson case really wasn't a venue case. The complaint in that case was that the Court denied the complaining party a jury trial, and the Court in that case held that it was a mandamus case, and the Court held that that particular issue was reviewable by appeal only because it was final.

The cases that I've given the Court in my response and amended response filed this morning having in the original reply referred to the Davidsons as creditors when they're probably more properly referred to as debtors. It showed that under the decisions of this case, the venue determination made at the beginning of this probate matter is not final for appellate purpose until the independent administration is closed. So to review it by appeal --

THE COURT: What if it never closes? I mean, there are independent administrations out there and you're aware there are -- until a few years ago, there wasn't any way to close an independent administration.

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas 75803
903.723.3933

MR. MCLEROY: That's an interesting question, Your Honor, particularly in view of it's my understanding that at least for some purposes, independent administrations are deemed to be closed when all the debts have been paid and the property distributed whether or not there's a formal order entered in that regard. But I think the Court's thinking about the matter illustrates some of the problems that you would have in taking the position that the -- that Mr. Coe's taken in this matter. The Texas Civil Practice and Remedy Code Section fifteen six five -- six something -- .06 something provides that venue determinations are reviewable before a final judgment by mandamus. And the cases that I've reviewed in preparation for this seem to be pretty liberal in permitting venue determinations made prior to the entry of a final decree in a manner to be reviewable by mandamus. And while this case may not be reviewable on appeal of a final judgment until some point in the future, it is reviewable, I believe, by mandamus. So there is a procedural method for reviewing the Court's order.

The fact that -- the position argued for by Mr. Coe in this case is strange, I think is a tip-off to the Court. We were not parties to the proceeding originally and weren't brought in this suit until after the Court had entered an order admitting the will to probate and appointing the independent executor. We received no notice of the

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas   75803
903.723.3933

application. We were unaware of the allegations in the petition. How odd it would be if having no notice, no opportunity at the time the application was made to contest the venue that was chosen for this suit that we would be stuck with that determination because it -- as to us it's final and --

THE COURT: Was notice given in the manner required by the Probate Code?

MR. MCLEROY: I assume so, Your Honor. I assume it was posted at the courthouse door.

THE COURT: Okay.

MR. MCLEROY: Of course we were residents of San Augustine County, and Mr. Haynes, the decedent, was a resident of San Augustine County, and we didn't happen to see that notice, Your Honor. The -- besides that, the Probate Code specifically provides in Section 8(a) that at any time during the pendency of the probate proceeding on the motion of an interested person if the Court determines that venue of the original action was inappropriate, it should transfer the case to the Court of appropriate venue. And that's what we're asking the Court to do today.

THE COURT: Let me ask one question about something Mr. Coe raised, and that is as a general proposition after the appointment of the independent executor, the Court doesn't have any authority to do anything. And that's the direction of the testator unless I guess if you were to invoke

the specific legislative authorities that were given for instance in the case where there's fraud or in a case where there is demand for an accounting after fifteen months. What authority does the Court have but to enter orders that aren't legislatively authorized?

MR. MCLEROY: Well, there are a number of instances, Your Honor, where the Court can insert itself into a probate matter. If I understand it, while an independent executor is free to do a good many things including gather the property and file suits to collect debts due to the decedent's estate, there's some things that may require the intervention of the probate court other than the approving inventories or determining issues involving accountings.

THE COURT: But aren't all those legislatively authorized, particularly legislatively authorized? I have the authority to order an accounting for instance after fifteen months if he doesn't --

MR. MCLEROY: Right.

THE COURT: -- account for his conduct. They can file a separate suit for breach of fiduciary duty I suppose, and that's legislatively authorized. Can you think of any example where there's not a specific legislative authorization that the Court can take action in an independent administration?

MR. MCLEROY: Well, the -- I don't carry the

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas  75803
903.723.3933

Probate Code --

THE COURT: Sure. Sure.

MR. MCLEROY: -- in my mind, Your Honor. And, in fact, I've got a mental block with regard to some of it.

THE COURT: I'll give you an opportunity to take a look at that.

MR. MCLEROY: But if I understand it, Your Honor, the independent executor can apply the Probate Code -- probate court for the guidance on a number of matters including partitions or distributions of property or sales of property. So while the independent executor is not required in some things to obtain probate court approval before it does, the executor has the authority to petition probate court for authority to sell property for instance. But in this case, this Court's got specific legislative authority under Section 8(a) of the Probate Code to review the venue determination.

MR. COE: I hate to add, but just the one case, the Graham case that he cites that says that until all property's been distributed, etc., under, they cite 8(c)(1), that's no longer a part of the Texas Probate Code. That's been amended. And they were talking about where it talks about whether or not it's a final decree, whether the order being made is a final decree or not. That now is absent from the Probate Code. So that -- I'm going to say that 2008 case that set forth some sort of weird exception to it is no longer

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas 75803
903.723.3933

applicable because the statute that they were using to form that opinion is no longer a part of the current Probate Code and does not apply to this case.

THE COURT: Okay.

MR. MCLEROY: May it please the Court?

THE COURT: Sure, yes, sir.

MR. MCLEROY: That's true. It was amended with the provisions of 8(c)(1) appear pretty much like they did before in Section 8(a).

THE COURT: All right. I'm going to take a look at the law and work through it. If you -- and Mr. Coe will know this. I don't need briefs or anything. If you'll just give me a cite, I can pull up the case law myself, and I'll go through this. If there's anything additional -- I'm particularly interested in what authority a probate court has to do anything that isn't specifically legislatively authorized, and if -- and if 8(a) would authorize a revision of a previous finding in this court because the order admitting presumptively would include a finding that there was -- that jurisdiction and venue were proper at the time that the order was entered. So what authority do I have, and if 8(a) is it, then I'd be interested in hearing any cases or legislative history.

MR. COE: Thank you, Judge.

THE COURT: You're welcome, and I'll get that

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas   75803
903.723.3933

out.  Do you want time to --

MR. COE:  I guess if he presents any -- I guess we can both kind of copresent stuff if we have anything, Judge.

THE COURT:  Sure.

MR. COE:  And I guess --

THE COURT:  I can move pretty quickly on it though.

MR. COE:  Okay.

THE COURT:  I won't dally.

MR. COE:  How much time?

MR. MCLEROY:  Can I have a week, Your Honor?

THE COURT:  Yes, sir.  Sure.  Let me make a note so I don't send out a decision before that.

MR. MCLEROY:  If the Court would like me to, I have an order prepared.  I can leave that with you just in case.  Before I leave, Your Honor --

THE COURT:  Sure.

MR. MCLEROY:  -- there are responses to the motion filed by Mr. Coe and replies that I filed in the file with cases cited in them.

THE COURT:  Right.  And I've actually read that.  Those were filed this morning?

MR. MCLEROY:  Yes, Your Honor.  In my original response, I had made an argument regarding standing under paragraph number two where I called my clients creditors, and

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas  75803
903.723.3933

it had occurred to me when I was reviewing that that since we have been sued on a note, perhaps we were debtors instead of creditors so --

THE COURT: Well, that's yet to be determined, isn't it?

MR. MCLEROY: Well, we do have a counterclaim.

THE COURT: Yeah.

MR. MCLEROY: But I wanted to avoid having the Court's attention called to it by Mr. Coe rather than myself.

THE COURT: Sure. I've read -- I've actually read the response. Obviously I haven't read the authority cited, but I have read the response.

MR. COE: Thank you, Judge.

THE COURT: Okay.

MR. MCLEROY: That's all we have, Your Honor. Can we be excused?

THE COURT: Yes, sir. Be safe on the road.

MR. MCLEROY: Thank you.

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas   75803
903.723.3933

THE STATE OF TEXAS )

COUNTY OF ANDERSON )

I, Sammye Bennett, Official Court Reporter in and for the County Court at Law of Anderson County, State of Texas, do hereby certify that the foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted, tendered in an offer of proof or offered into evidence.

I further certify that the total cost for the preparation of this Reporter's Record is $ _100_ and will be paid by _Mr. McLeroy_.

WITNESS MY OFFICIAL HAND this the 20th day of November, 2013.

_Sammye Bennett CSR_
SAMMYE BENNETT, Texas CSR #5611
Expiration Date: 12-31-14
Official Court Reporter
Anderson County, Texas
500 North Church Street
Palestine, Texas 75801
903.723.7496

SAMMYE BENNETT, CSR
1484 ACR 419, Palestine, Texas 75803
903.723.3933

**TAB 2**
**(Texas Probate Code § 3)**

# TEXAS PROBATE CODE

*The Texas Probate Code is repealed and the Estates Code is enacted,
effective January 1, 2014, by Acts 2009, 81st Leg., ch. 680, Acts 2011, 82nd
Leg., ch. 823 (H.B. 2759) and Acts 2011, 82nd Leg., ch. 1338 (S.B. 1198).*

## CHAPTER I

## GENERAL PROVISIONS

Section
3. Definitions and Use of Terms.
4. Repealed.
4A. General Probate Court Jurisdiction; Appeals.
4B. Matters Related to Probate Proceeding.
4C. Original Jurisdiction for Probate Proceedings.
4D. Jurisdiction of Contested Probate Proceeding in County with No Statutory Probate Court or Statutory County Court.
4E. Jurisdiction of Contested Probate Proceeding in County with No Statutory Probate Court.
4F. Exclusive Jurisdiction of Probate Proceeding in County with Statutory Probate Court.
4G. Jurisdiction of Statutory Probate Court with Respect to Trusts and Powers of Attorney.
4H. Concurrent Jurisdiction With District Court.
5. Repealed.
5A. Repealed.

Section
5B. Transfer to Statutory Probate Court of Proceeding Related to Probate Proceeding.
6. Venue: Probate of Wills and Granting of Letters Testamentary and of Administration.
6A. Venue: Action Related to Probate Proceeding in Statutory Probate Court.
6B. Venue: Certain Actions Involving Personal Representative.
6C. Venue: Heirship Proceedings.
6D. Venue: Certain Actions Involving Breach of Fiduciary Duty.
7. Repealed.
8. Concurrent Venue in Probate Proceeding.
8A. Transfer of Venue in Probate Proceeding.
8B. Validation of Prior Proceedings.
10C. Effect of Filing or Contesting Pleading.
11A. Exemption from Probate Fees for Estates of Certain Military Servicemembers.
11B. Exemption from Probate Fees for Estates of Certain Law Enforcement Officers, Firefighters, and Others.
13. Judge's Probate Docket.
15. Case Files.
23. Decrees.

## § 1. Short Title

### Research References

**ALR Library**

129 ALR 859, Law in Effect at Time of Execution of Will or at Time of Death of Testator as Controlling.

**Encyclopedias**

TX Jur. 3d Guardianship and Conservatorship § 1, Generally; Probate Code.

**Treatises and Practice Aids**

Woodward and Smith, 17 Tex. Prac. Series § 210, Declaration of Heirship in Guardianship Proceeding.

## § 3. Definitions and Use of Terms

Except as otherwise provided by Chapter XIII of this Code, when used in this Code, unless otherwise apparent from the context:

(a) "Authorized corporate surety" means a domestic or foreign corporation authorized to do business in the State of Texas for the purpose of issuing surety,

Text of Texas Probate Code effective until January 1, 2014.

1

guaranty or indemnity bonds guaranteeing the fidelity of executors and administrators.

(b) "Child" includes an adopted child, whether adopted by any existing or former statutory procedure or by acts of estoppel, but, unless expressly so stated herein does not include a child who has no presumed father.

(c) "Claims" include liabilities of a decedent which survive, including taxes whether arising in contract or in tort or otherwise, funeral expenses, the expense of a tombstone, expenses of administration, estate and inheritance taxes, and debts due such estates.

(d) "Corporate fiduciary" means a financial institution as defined by Section 201.101, Finance Code, having trust powers, existing or doing business under the laws of this state, another state, or the United States, which is authorized by law to act under the order or appointment of any court of record, without giving bond, as receiver, trustee, executor, administrator, or, although without general depository powers, depository for any moneys paid into court, or to become sole guarantor or surety in or upon any bond required to be given under the laws of this state.

(e) "County Court" and "Probate Court" are synonymous terms and denote county courts in the exercise of their probate jurisdiction, courts created by statute and authorized to exercise original probate jurisdiction, and district courts exercising probate jurisdiction in contested matters.

(f) "County Judge," "Probate Judge," and "Judge" denote the presiding judge of any court having original jurisdiction over probate proceedings, whether it be a county court in the exercise of its probate jurisdiction, a court created by statute and authorized to exercise probate jurisdiction, or a district court exercising probate jurisdiction in contested matters.

(g) "Court" denotes and includes both a county court in the exercise of its probate jurisdiction, a court created by statute and authorized to exercise original probate jurisdiction, or a district court exercising original probate jurisdiction in contested matters.

(h) "Devise," when used as a noun, includes a testamentary disposition of real or personal property, or of both. When used as a verb, "devise" means to dispose of real or personal property, or of both, by will.

(i) "Devisee" includes legatee.

(j) "Distributee" denotes a person entitled to the estate of a decedent under a lawful will, or under the statutes of descent and distribution.

(k) "Docket" means the probate docket.

(l) "Estate" denotes the real and personal property of a decedent, both as such property originally existed and as from time to time changed in form by sale, reinvestment, or otherwise, and as augmented by any accretions and additions thereto (including any property to be distributed to the representative of the decedent by the trustee of a trust which terminates upon the decedent's death) and substitutions therefor, and as diminished by any decreases therein and distributions therefrom.

(m) "Exempt property" refers to that property of a decedent's estate which is exempt from execution or forced sale by the Constitution or laws of this State, and to the allowance in lieu thereof.

(n) Repealed by Acts 1995, 74th Leg., ch. 1039, § 73(1), eff. Sept. 1, 1995.

(o) "Heirs" denote those persons, including the surviving spouse, who are entitled under the statutes of descent and distribution to the estate of a decedent who dies intestate.

**Text of Texas Probate Code effective until January 1, 2014.**

2

he fidelity of executors and administra-

ther adopted by any existing or former
but, unless expressly so stated herein,
l father.

edent which survive, including taxes,
rwise, funeral expenses, the expense of
te and inheritance taxes, and debts due

cial institution as defined by Section
, existing or doing business under the
ed States, which is authorized by law to
court of record, without giving bond, as
r, although without general depository
court, or to become sole guarantor or
e given under the laws of this state.
" are synonymous terms and denote
e jurisdiction, courts created by statute
jurisdiction, and district courts exercis-

"Judge" denote the presiding judge of
probate proceedings, whether it be a
jurisdiction, a court created by statute
n, or a district court exercising probate

unty court in the exercise of its probate
authorized to exercise original probate
iginal probate jurisdiction in contested

es a testamentary disposition of real or
as a verb, "devise" means to dispose of

d to the estate of a decedent under a
nd distribution.

l property of a decedent, both as such
me to time changed in form by sale,
nted by any accretions and additions
tributed to the representative of the
minates upon the decedent's death) and
any decreases therein and distributions

operty of a decedent's estate which is
Constitution or laws of this State, and

1039, § 73(1), eff. Sept. 1, 1995.
g the surviving spouse, who are entitled
on to the estate of a decedent who dies

ctive until January 1, 2014.

(p) "Incapacitated" or "Incapacitated person" means:

(1) a minor;

(2) an adult individual who, because of a physical or mental condition, is substantially unable to provide food, clothing, or shelter for himself or herself, to care for the individual's own physical health, or to manage the individual's own financial affairs; or

(3) a person who must have a guardian appointed to receive funds due the person from any governmental source.

(q) "Independent executor" means the personal representative of an estate under independent administration as provided in Section 145 of this Code. The term "independent executor" includes the term "independent administrator."

(r) "Interested persons" or "persons interested" means heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered; and anyone interested in the welfare of an incapacitated person, including a minor.

(s) "Legacy" includes any gift or devise by will, whether of personalty or realty. "Legatee" includes any person entitled to a legacy under a will.

(t) "Minors" are all persons under eighteen years of age who have never been married or who have not had disabilities of minority removed for general purposes.

(u) Repealed by Acts 2009, 81st Leg., ch. 602, § 19(2).

(v) "Mortgage" or "Lien" includes deed of trust, vendor's lien, chattel mortgage, mechanic's, materialman's or laborer's lien, judgment, attachment or garnishment lien, pledge by hypothecation, and Federal or State tax liens.

(w) "Net estate" means the real and personal property of a decedent, exclusive of homestead rights, exempt property, the family allowance and enforceable claims against the estate.

(x) "Person" includes natural persons and corporations.

(y) Repealed by Acts 1995, 74th Leg., ch. 1039, § 73(1), eff. Sept. 1, 1995.

(z) "Personal property" includes interests in goods, money, choses in action, evidence of debts, and chattels real.

(aa) "Personal representative" or "Representative" includes executor, independent executor, administrator, independent administrator, temporary administrator, together with their successors. The inclusion of independent executors herein shall not be held to subject such representatives to control of the courts in probate matters with respect to settlement of estates except as expressly provided by law.

(bb) "Probate proceeding" is synonymous with the terms "Probate matter," "Proceeding in probate," and "Proceedings for probate." The term means a matter or proceeding related to the estate of a decedent and includes:

(1) the probate of a will, with or without administration of the estate;

(2) the issuance of letters testamentary and of administration;

(3) an heirship determination or small estate affidavit, community property administration, and homestead and family allowances;

(4) an application, petition, motion, or action regarding the probate of a will or an estate administration, including a claim for money owed by the decedent;

(5) a claim arising from an estate administration and any action brought on the claim;

(6) the settling of a personal representative's account of an estate and any other matter related to the settlement, partition, or distribution of an estate; and

(7) a will construction suit.

Text of Texas Probate Code effective until January 1, 2014.

(cc) "Property" includes both real and personal property.

(dd) "Real property" includes estates and interests in lands, corporeal or incorp real, legal or equitable, other than chattels real.

(ee) "Surety" includes both personal and corporate sureties.

(ff) "Will" includes codicil; it also includes a testamentary instrument whi merely:

(1) appoints an executor or guardian;

(2) directs how property may not be disposed of; or

(3) revokes another will.

(gg) The singular number includes the plural; the plural number includes tl singular.

(hh) The masculine gender includes the feminine and neuter.

(ii) "Statutory probate court" means a statutory court designated as a statutor probate court under Chapter 25, Government Code. A county court at la exercising probate jurisdiction is not a statutory probate court under this Cod unless the court is designated a statutory probate court under Chapter 25, Goverr ment Code.

(jj) "Next of kin" includes an adopted child or his or her descendents and th adoptive parent of the adopted child.

(kk) "Charitable organization" means:

(1) a nonprofit corporation, trust, community chest, fund, foundation, or othe entity that is exempt from federal income tax under Section 501(c)(3) of the Interna Revenue Code of 1986 [1] because the entity is organized and operated exclusively fo religious, charitable, scientific, educational, or literary purposes, testing for publi safety, prevention of cruelty to children or animals, or promotion of amateur sport: competition; or

(2) any other entity or organization that is organized and operated exclusively fo1 the purposes listed in Section 501(c)(3) of the Internal Revenue Code of 1986

(ll) "Governmental agency of the state" means:

(1) an incorporated city or town, a county, a public school district, a special purpose district or authority, or a district, county, or justice of the peace court:

(2) a board, commission, department, office, or other agency in the executive branch of state government, including an institution of higher education as defined by Section 61.003, Education Code;

(3) the legislature or a legislative agency; and

(4) the supreme court, the court of criminal appeals, a court of appeals, or the State Bar of Texas or another judicial agency having statewide jurisdiction.

(mm) "Ward" is a person for whom a guardian has been appointed.

Acts 1955, 54th Leg., p. 88, ch. 55, eff. Jan. 1, 1956. Amended by Acts 1957, 55th Leg., p. 53, ch. 31, § 2(a), eff. Aug. 22, 1957; Acts 1961, 57th Leg., p. 44, ch. 30, § 2, eff. Aug. 28, 1961; Acts 1969, 61st Leg., p. 1703, ch. 556, § 1, eff. June 10, 1969; Acts 1969, 61st Leg., p. 1922, ch. 641, § 1, eff. June 12, 1969; Acts 1975, 64th Leg., p. 104, ch. 45, § 1, eff. Sept. 1, 1975; Acts 1975, 64th Leg., p. 2195, ch. 701, § 1, eff. June 21, 1975; Acts 1977, 65th Leg., p. 1061, ch. 390, §§ 1, 2, eff. Sept. 1, 1977; Acts 1979, 66th Leg., p. 1740, ch. 713, § 1, eff. Aug. 27, 1979; Acts 1985, 69th Leg., ch. 159, §§ 1, 2, eff. Sept. 1, 1985; Acts 1985, 69th Leg., ch. 591, § 1, eff. Sept. 1, 1985; Acts 1989, 71st Leg., ch. 375, § 33, eff. Sept. 1, 1989; Acts 1989, 71st Leg., ch. 1035, § 1, eff. Sept. 1, 1989; Acts 1991, 72nd Leg., ch. 14, § 284(96), eff. Sept. 1, 1991; Acts 1991, 72nd Leg., ch. 895, § 1, eff. Sept. 1, 1991; Acts 1993, 73rd Leg., ch. 957, § 3, eff. Sept. 1,

Text of Texas Probate Code effective until January 1, 2014.

4

)perty.

; in lands, corporeal or incorpo-

! sureties.

estamentary instrument which

)r

he plural number includes the

.nd neuter.

:ourt designated as a statutory
ode. A county court at law
)robate court under this Code
)urt under Chapter 25, Govern-

iis or her descendents and the

est, fund, foundation, or other
Section 501(c)(3) of the Internal
:ed and operated exclusively for
iry purposes, testing for public
or promotion of amateur sports

:ed and operated exclusively for
.ternal Revenue Code of 1986.

ublic school district, a special-
, or justice of the peace court;

other agency in the executive
i of higher education as defined

eals, a court of appeals, or the
; statewide jurisdiction.

s been appointed.

nded by Acts 1957, 55th Leg., p. 53,
i. 44, ch. 30, § 2, eff. Aug. 28, 1961;
i9; Acts 1969, 61st Leg., p. 1922, ch.
ch. 45, § 1, eff. Sept. 1, 1975; Acts
.cts 1977, 65th Leg., p. 1061, ch. 390,
h. 713, § 1, eff. Aug. 27, 1979; Acts
s 1985, 69th Leg., ch. 591, § 1, eff.
it. 1, 1989; Acts 1989, 71st Leg., ch.
, § 284(96), eff. Sept. 1, 1991; Acts
. 73rd Leg., ch. 957, § 3, eff. Sept. 1,
**January 1, 2014.**

1993; Acts 1995, 74th Leg., ch. 1039, §§ 4, 73(1), eff. Sept. 1, 1995; Acts 1997, 75th Leg., ch. 52, § 1, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 344, § 6.001, eff. Sept. 1, 1999; Acts 1999, 76th Leg., ch. 379, § 1, eff. Sept. 1, 1999.

Subsec. (r) amended by Acts 2007, 80th Leg., ch. 1170, § 1.01, eff. Sept. 1, 2007; Subsec. (u) repealed by Acts 2009, 81st Leg., ch. 602, § 19(2), eff. June 19, 2009; Subsec. (bb) amended by Acts 2009, 81st Leg., ch. 1351, § 12(a), eff. Sept. 1, 2009.

[1] 26 U.S.C.A. § 501(c)(3).

## Historical and Statutory Notes

Section 1.02 of Acts 2007, 80th Leg., ch. 1170 provides:

"The changes in law made by this article apply to a proceeding that is pending or commenced on or after the effective date of this article."

Section 12(i) of Acts 2009, 81st Leg., ch. 1351 provides:

"The changes in law made by this section apply only to an action filed or a proceeding commenced on or after the effective date [Sept. 1, 2009] of this Act. An action filed or proceeding commenced before the effective date of this Act is governed by the law in effect on the date the action was filed or the proceeding was commenced, and the former law is continued in effect for that purpose."

## Cross References

Acceleration of unpaid child support obligation, see V.T.C.A., Family Code § 154.015.
Equitable Lien, see V.T.C.A., Family Code § 3.406.

No surviving spouse, executor, or administrator, see V.T.C.A., Government Code §§ 844.408, 854.106.

## Texas Annotated Code Series References

Court-ordered child support, acceleration of unpaid child support obligation, Sampson

& Tindall's Texas Family Code, Family § 154.015.

## Research References

### ALR Library

23 ALR 6th 697, When is Person, Other Than One Claiming Posttraumatic Stress Syndrome or Memory Repression, Within Coverage of Statutory Provision Tolling Running of Limitations Period on Basis of Mental Disability.

122 ALR 5th 205, Modern Status of Law as to Equitable Adoption or Adoption by Estoppel.

69 ALR 3rd 122, Construction and Effect of Will Provisions Expressly Relating to the Burden of Estate or Inheritance Taxes.

72 ALR 2nd 285, Power and Responsibility of Executor or Administrator as to Compromise or Settlement of Action or Cause of Action for Death.

30 ALR 1075, Illegitimate Child as Within Statute Relating to Duty to Support Child.

117 ALR 1455, Necessity of Allegations that Contestant of Will is an Interested Party.

165 ALR 723, What Amounts to Implied Emancipation of Minor Child.

155 ALR 196, Power of Guardian or Committee to Compromise Liquidated Contract Claim or Money Judgment, and of Courts to Authorize or Approve Such a Compromise.

88 ALR 1158, Who Entitled to Appeal from Decree Admitting Will to Probate or Denying Probate.

83 ALR 1330, Inheritance By, From, or Through Illegitimate.

68 ALR 1309, Admissibility and Probative Force, on Issue as to Mental Condition, of Evidence that One Had Been Adjudged Incompetent or Insane, or Had Been Confined in Insane Asylum.

6 ALR 115, Right of Natural Guardian to Custody or Control of Infant's Property.

Text of Texas Probate Code effective until January 1, 2014.

5

**TAB 3**
**(Black's Law Dictionary - "Creditor")**



## CREDITOR

**creditor.** (15c) **1.** One to whom a debt is owed; one who gives credit for money or goods. — Also termed *debtee*. **2.** A person or entity with a definite claim against another, esp. a claim that is capable of adjustment and liquidation. **3.***Bankruptcy*. A person or entity having a claim against the debtor predating the order for relief concerning the debtor. [Cases: Bankruptcy  2822.] **4.***Roman law*. One to whom any obligation is owed, whether contractual or otherwise. Cf. DEBTOR.

© 2009 Thomson Reuters

Bryan A. Garner, Editor in Chief

END OF DOCUMENT

(c) 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.